# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re ) | |
| ) | |
| RUSTY GOLD HYDRO-TESTERS, INC. ) | Case No. 20-12629-MER |
| ) | |
| Debtor. ) | Chapter 7 |
| ) | |
| ) | |
| M. STEPHEN PETERS, ) | |
| Chapter 7 Trustee, ) | |
| ) | Adversary No. 22-_____-MER |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| REALIZATION SERVICES, INC. ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF CHAPTER 7 TRUSTEE'S COMPLAINT AGAINST REALIZATION SERVICES, INC. FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS UNDER 11 U.S.C. § 547 AND 11 U.S.C § 550**

Plaintiff M. Stephen Peters, not individually but solely in his capacity as chapter 7 trustee ("Plaintiff" or "Trustee") for the bankruptcy estate of Rusty Gold Hydro-Testers, Inc. ("Debtor"), by and through his undersigned counsel, hereby files this complaint against Realization Services, Inc. ("Defendant") for avoidance and recovery of preferential transfers under 11 U.S.C. § 547(b) and 11 U.S.C. § 550(a). In support of his causes of action against Defendant, Plaintiff alleges and avers as follows:

## JURISDICTION AND VENUE

1. The Bankruptcy Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and (e), and 28 U.S.C. § 157(a).

2. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 157(b)(2)(A), (F) and (O).

3. This adversary proceeding is commenced pursuant to 11 U.S.C. §§ 547(b) and 550(a) and Fed. R. Bankr. P. 7001(1).

4. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

5. Pursuant to Fed. R. Bankr. P. 7008, Plaintiff consents to entry of final orders or judgment by the Bankruptcy Court.

## PARTIES

6. Plaintiff is the chapter 7 trustee for the bankruptcy estate of Rusty Gold Hydro-Testers, Inc., debtor in the bankruptcy case captioned *In re Rusty Gold Hydro-Testers, Inc.*, Case No. 20-12629-MER, pending in the U.S. Bankruptcy Court for the District of Colorado (the "Bankruptcy Court").

7. Defendant is a New York corporation, with its principal place of business at 124 Davids Hill Road, Bedford Hills, New York 10507.

## GENERAL ALLEGATIONS

8. On April 16, 2020 (the "Petition Date"), Debtor filed for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"), starting bankruptcy case No. 20- 12629-MER (the "Bankruptcy Case").

9. In the Bankruptcy Case, the Debtor listed total assets of $8,944,869.00, and total liabilities of $12,808,395.09, of which $12,713,795.76 are scheduled unsecured liabilities. A true and correct copy of the Debtor's Official Form 206SUM Summary of Assets and Liabilities for Non-Individuals is attached hereto as **Exhibit 1**.

10. On January 4, 2021, the Bankruptcy Court entered its Order Converting Case Under Chapter 11 to Case Under Chapter 7.

11. Plaintiff is the duly appointed chapter 7 trustee of the Debtor's bankruptcy estate.

12. Before the Petition Date, the Debtor, d/b/a Catamount Oilfield Services, and Defendant engaged in business with each other.

13. Prior to the Petition Date, Defendant provided goods or services to the Debtor.

14. The Debtor became indebted to Defendant for the goods or services provided by Defendant.

15. On or about January 24, 2020, the Debtor paid Defendant $66,851.17.

16. At the time the January 24, 2020 payment of $66,851.17 was made by Debtor to Defendant, the Debtor owed Defendant a debt on account of goods or services provided by Defendant prior to that payment.

17. On or about January 29, 2020, Debtor paid Defendant $26,866.61.

18. At the time the January 29, 2020 payment of $26,866.61 was made by Debtor to Defendant, the Debtor owed Defendant a debt on account of goods or services provided by Defendant prior to that payment.

19. On or about February 5, 2020, Debtor paid Defendant $26,517.25.

20. At the time the February 5, 2020 payment of $26,517.25 was made by Debtor to Defendant, the Debtor owed Defendant a debt on account of goods or services provided by Defendant prior to that payment.

21. On or about February 11, 2020, Debtor paid Defendant $26,478.53.

22. At the time the February 11, 2020 payment of $26,478.53 was made by Debtor to Defendant, the Debtor owed Defendant a debt on account of goods or services provided by Defendant prior to that payment.

23. On or about February 24, 2020, Debtor paid Defendant $3,529.67.

24. At the time the February 24, 2020 payment of $3,529.67 was made by Debtor to Defendant, the Debtor owed Defendant a debt on account of goods or services provided by Defendant prior to that payment.

25. In the ninety (90) days prior to the Petition Date (the "Preference Period"), Debtor made transfers to Defendant totaling $150,243.23 (each a "Transfer," and collectively, the "Transfers").

26. On January 26, 2022, Plaintiff made written demand on Defendant for return of the full amount of the Transfers. A true and correct copy of Plaintiff's written demand to Defendant is attached hereto as **Exhibit 2**.

27. Defendant did not respond to Plaintiff's written demand for return of the Transfers.

28. Defendant has not returned the Transfers to the Plaintiff.

**FIRST CLAIM FOR RELIEF**
**(Avoidance of Preferential Transfers Under 11 U.S.C. § 547(b))**

29. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 – 28 of this complaint as though fully set forth in Paragraph 29 of this complaint.

30. Section 547(b) of the Bankruptcy Code provides:

Except as provided in subsections (c), (i), and (j) of this section, the trustee may, based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under subsection (c), avoid any transfer of an interest of the debtor in property –

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

   (A) on or within 90 days before the date of the filing of the petition; or

  (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

  (A) the case were a case under chapter 7 of this title;

  (B) the transfer had not been made; and

  (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

31. Prior to filing this complaint, Plaintiff made written demand on Defendant for return of the full amount of the Transfers.

32. In his written demand on Defendant, Plaintiff asserted he may avoid and recover the Transfers as preferential transfers under 11 U.S.C. § 547(b) and 11 U.S.C. § 550(a).

33. In his written demand on Defendant, Plaintiff requested Defendant provide a detailed explanation of any defenses Defendant may assert under 11 U.S.C. § 547(c) to avoidance of the Transfers.

34. Defendant did not respond to Plaintiff's written demand for return of the Transfers.

35. Each Transfer was a "transfer" under the meaning of 11 U.S.C. § 101(54).

36. Each Transfer was a transfer of an interest of the Debtor in property.

37. At the time each Transfer was made by the Debtor to Defendant, the Debtor owed Defendant a debt on account of goods or services provided by Defendant prior to that payment.

38. At the time each Transfer was made by the Debtor to Defendant, Defendant was a creditor of the Debtor.

39. The Transfers made by the Debtor to Defendant were to or for the benefit of Defendant.

40. Each Transfer made by the Debtor to Defendant reduced the obligation owed by Debtor to Defendant existing at the time such Transfer was made.

41. Each Transfer made by the Debtor to Defendant was on account of an antecedent debt owed by Debtor to Defendant before such Transfer was made.

42. The Transfers were made by the Debtor to Defendant within the ninety (90) days prior to the Petition Date.

43. Under 11 U.S.C. § 547(f), the Debtor is presumed to have been insolvent on and during the ninety (90) days immediately preceding the Petition Date.

44. Under 11 U.S.C. § 547(f), the Debtor is presumed to have been insolvent at the time each Transfer was made to Defendant.

45. The Debtor was insolvent at the time each Transfer was made to Defendant.

46. The Debtor did not owe any amount to Defendant as of the Petition Date.

47. The Transfers made by the Debtor to Defendant enabled Defendant to receive more than Defendant would receive in the Debtor's chapter 7 Bankruptcy Case.

48. The Transfers made by the Debtor to Defendant enabled Defendant to receive more than Defendant would receive if the Transfers had not been made.

49. The Transfers made by the Debtor to Defendant enabled Defendant to receive more than Defendant would receive if Defendant received payment of its debt to the extent provided by the provisions of the Bankruptcy Code.

50. The Transfers are avoidable by Plaintiff as preferential transfers under 11 U.S.C. § 547(b).

### SECOND CLAIM FOR RELIEF
(Recovery of Avoided Transfers Under 11 U.S.C. § 550(a))

51. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 – 50 of this complaint as though fully set forth in Paragraph 51 of this complaint.

52. Section 550(a) of the Bankruptcy Code states:

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

(2) any immediate or mediate transferee of such initial transferee.

53. The Transfers are avoidable by Plaintiff under 11 U.S.C. § 547(b).

54. Defendant received the Transfers directly from the Debtor.

55. Defendant was the initial transferee of the Transfers from the Debtor.

56. Defendant is the entity for whose benefit the Transfers were made.

57. Recovery of the Transfers from Defendant would increase the assets of the Debtor's bankruptcy estate available for payment of creditors.

58. Recovery of the Transfers from Defendant is for the benefit of the estate.

59. Plaintiff may recover the Transfers from Defendant under 11 U.S.C. § 550(a).

## **PRAYER FOR RELIEF**

WHEREFORE, the Trustee respectfully requests the Court:

(i) Enter judgment in favor of Plaintiff and against Defendant for avoidance of the Transfers under 11 U.S.C. § 547(b);

(ii) Enter judgment in favor of Plaintiff and against Defendant for recovery of the Transfers under 11 U.S.C. § 550(a);

(iii) Enter judgment in favor of Plaintiff and against Defendant for the full amount of the Transfers, plus costs and pre-judgment and post-judgment interest to the extent allowed by law; and

(iv) Entering such other and further relief as the Court finds necessary and appropriate under the facts and circumstances.

| | |
|---|---|
| Dated: April 1, 2022 | MARKUS WILLIAMS YOUNG & HUNSICKER LLC |
| | By: */s/ William G. Cross* |
| | John F. Young, #26989 |
| | William G. Cross, #52952 |
| | 1775 Sherman Street, Suite 1950 |
| | Denver, Colorado 80203-4505 |
| | Telephone (303) 830-0800 |
| | Facsimile (303) 830-0809 |
| | Email: wcross@markuswilliams.com |
| | *Counsel for Plaintiff M. Stephen Peters, Chapter 7 Trustee* |